UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Bergstrom, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:08-cv-50078 |
| | ) | |
| vs. | ) | Hon. Kapala, U.S.D.J. |
| | ) | |
| Glacier Bay, Inc., | ) | Hon. Mahoney, U.S.M.J. |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |
| | ) | |

**DEFENDANT GLACIER BAY, INC.'S ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS**

In accordance with the Court's minute order of May 29, 2008 [Dkt. No. 11], Defendant

Glacier Bay, Inc., ("Glacier Bay"), by and through its undersigned counsel, hereby answers

Plaintiff, Bergstrom, Inc.'s ("Bergstrom") Complaint filed on May 5, 2008, as follows:

**NATURE OF THE ACTION**

1.    This is an action for patent infringement arising under the patent laws of the United
States, 35 U.S.C. §§ 271 and 281, *et seq*.

**ANSWER:**    Glacier Bay admits that this is alleged to be an action for patent

infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et*

*seq.,* but denies that it has infringed any patent rights of Bergstrom and denies that Bergstrom is

entitled to any recovery from Glacier Bay.

**THE PARTIES**

2.    Bergstrom, Inc. is an Illinois corporation having a principal place of business at 2390
Blackhawk Road, Rockford, Illinois ("Bergstrom").

**ANSWER:**    Glacier Bay is without sufficient knowledge or information to form a

belief as to the truth of the allegations in Paragraph 2 and, therefore, denies the same.

**3.**     Upon information and belief, Glacier Bay is a Nevada corporation having a principal place of business at 2845 Chapman Street in Oakland, CA 94601.

   **ANSWER:**    Denied.

## JURISDICTION AND VENUE

**4.**     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a), because this civil action arises under the Patent Act, which is an Act of Congress relating to patents.

   **ANSWER:**    Admitted.

**5.**     This Court has personal jurisdiction over Glacier Bay, pursuant to Illinois' long-arm statute, 735 I.L.C.S. § 5/2-209, and otherwise, because, on information and belief, the infringing goods are offered for sale and/or sold in the state of Illinois, and the injury of Glacier Bay's infringement will be felt mainly in the State of Illinois where Bergstrom is located.

   **ANSWER:**    Glacier Bay admits that this Court has personal jurisdiction over Glacier

Bay, but denies that it sells or offers for sale in Illinois goods that infringe Bergstrom's patent

rights, or has otherwise injured Bergstrom in Illinois.

**6.**     Venue is appropriate in this district because Glacier Bay is a resident of this district as defined by 28 U.S.C. § 1391(c).

   **ANSWER:**    Admitted.

## INFRINGEMENT OF U.S. PATENT NO. 6,889,762

**7.**     On May 10, 2005, United States Letters Patent No. 6,889,762, entitled "Vehicle Air Conditioning And Heating System Providing Engine On And Off Operation" (the "'762 Patent"), was duly and legally issued to inventors Terry Ziegler [*sic*] and Eric Elias.  A true and correct copy of U.S. Patent No. 6,889,762 B2 is attached as Exhibit A.

   **ANSWER:**    Glacier Bay admits that Exhibit A to Bergstrom's Complaint purports to

be a copy of U.S. Patent No. 6,889,762.  Glacier Bay admits that the face of U.S. Patent No.

6,889,762, entitled, "Vehicle Air Conditioning And Heating System Providing Engine On And

Off Operation," indicates that it issued on May 10, 2005 to inventors Terry Zeigler and Eric

Elias.

**8.**      The '762 Patent was assigned to Bergstrom, Inc.

   **ANSWER:**    The face of the '762 Patent indicates that it was assigned to Bergstrom, but

Glacier Bay is otherwise without sufficient knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 8 and, therefore, denies the same.

**9.**      Bergstrom produces climate control systems that incorporate one or more features and/or elements described and claimed in the '762 Patent.

   **ANSWER:**    Glacier Bay is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 9 and, therefore, denies the same.

**10.**      Bergstrom has marked the climate control systems that include the patented features and/or elements as described and claimed in the '762 Patent in accordance with 35 U.S.C. § 287.

   **ANSWER:**    Glacier Bay is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 10 and, therefore, denies the same.

**11.**      Upon information and belief, Glacier Bay has infringed and continues to infringe Claim 1, among others, of the '762 Patent by its manufacture, use, offer for sale, and/or sale of certain climate control systems known as the "ClimaCab" system, or "No-Idle Truck HVAC," or variants thereof.

   **ANSWER:**    Denied.

**12.**      Upon information and belief, Glacier Bay's infringement has been and continues to be willful.

   **ANSWER:**    Denied.

**13.**      As a result of Glacier Bay's actions, Bergstrom has suffered and continues to suffer substantial injury, including irreparable injury, that will result in damages to Bergstrom, including loss of sales and profits, which Bergstrom would have made but for the infringement by Glacier Bay, unless Glacier Bay is enjoined by this Court.

   **ANSWER:**    Denied.

**AFFIRMATIVE DEFENSES**

   Without altering the burden of proof, Glacier Bay asserts the following defenses, which

are based upon an investigation that is not complete and prior to the results of any discovery

3

from Plaintiff, Bergstrom.  Glacier Bay's investigation of its defenses is continuing, and Glacier

Bay reserves the right to assert all affirmative defenses under Rule 8(c) of the Federal Rules of

Civil Procedure, the patent laws of the United States and any other defense, at law or in equity,

that may now exist or in the future be available based upon discovery and further investigation in

this case.

### First Affirmative Defense: Non-Infringement of the '762 Patent

Bergstrom's claim against Glacier Bay is barred, in whole or in part, because Glacier Bay

has not and does not presently infringe, either literally or under the doctrine of equivalents, any

claim of the '762 Patent.

### Second Affirmative Defense: Invalidity of the '762 Patent

Bergstrom's claim against Glacier Bay is barred, in whole or in part, because the claims

of the '762 Patent are invalid and unenforceable for failure to comply with one or more of the

conditions for patentability, including but not limited to those set forth, *inter alia,* in 35 U.S.C.

§§ 101, 102, 103, and 112.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Glacier Bay hereby

demands a trial by jury on all issues.

### PRAYER FOR RELIEF

WHEREFORE, Glacier Bay respectfully requests that the Court:

**A.**     Dismiss Bergstrom's Complaint against Glacier Bay with prejudice;

**B.**     Award Glacier Bay its costs and disbursements in this action; and

**C.**     Grant Glacier Bay any such other and further relief as the Court may deem just

and appropriate.

## COUNTERCLAIMS

### Parties

1.      Glacier Bay, Inc., ("Glacier Bay") is a Delaware corporation doing business in this judicial district and has its principal place of business at 2930 Faber Street, Union City, California 94587.

2.      Upon information and belief, Bergstrom, Inc. ("Bergstrom") is an Illinois corporation having a principal place of business at 2390 Blackhawk Road, Rockford, Illinois 61109.

### Jurisdiction and Venue

3.      This is a Counterclaim for a declaration of non-infringement and patent invalidity under 28 U.S.C. § 2201.

4.      This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Bergstrom.

6.      Venue is proper in this district under 28 U.S.C. § 1391 and 1400(b).

### COUNT I
### (Declaratory Judgment of Non-Infringement)

7.      Glacier Bay incorporates and realleges Paragraphs 1-6 of this Counterclaim as Paragraph 7.

8.      Bergstrom has asserted and continues to assert that Glacier Bay infringes claims of U.S. Patent No. 6,889,762 (the "'762 Patent").

9.      An actual controversy exists between Bergstrom and Glacier Bay with respect to whether certain Glacier Bay products infringe the '762 Patent.

10.     The accused Glacier Bay products do not infringe any valid and enforceable claim of the '762 Patent either directly or indirectly.  Glacier Bay is therefore entitled to a declaration of the Court, pursuant to 28 U.S.C. § 101, that the accused Glacier Bay products do not infringe the '762 Patent.

## COUNT II
## (Declaratory Judgment of Invalidity)

11.     Glacier Bay incorporates and realleges Paragraphs 1-10 of this Counterclaim as Paragraph 11.

12.     An actual controversy exists between Bergstrom and Glacier Bay with respect to the validity of the '762 Patent.

13.     The '762 Patent at issue, and more particularly the claims of the '762 Patent alleged to be infringed, are invalid and of no effect for failure to comply with one or more of the requirements set forth in Title 35 of the United States Code, including but not limited to Sections 102, 103, and/or 112.  Glacier Bay is therefore entitled to a declaration of the Court, pursuant to 28 U.S.C. § 2201, that the asserted claims of the '762 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Glacier Bay prays that the Court:

A.     Declare that Glacier Bay has not infringed the '762 Patent and/or that Glacier Bay is not liable for any alleged infringement of the '762 Patent;

B.     Declare that the asserted claims of the '762 Patent are invalid;

C.     Award Glacier Bay its attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

D.     Grant Glacier Bay any such other and further relief as the Court may deem just and appropriate.

Dated:  July 28, 2008                              Respectfully submitted,

   /s/  Andrea M. Augustine
Andrea M. Augustine
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60610-4764
Telephone: 312.832.4500
Facsimile: 312.832.4700
aaugustine@foley.com

Michael D. Kaminski
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
Telephone: 202.672.5300
Facsimile: 202..672.5399
mkaminski@foley.com

ATTORNEYS FOR DEFENDANT
GLACIER BAY, INC.

## **CERTIFICATE OF SERVICE**

I, Andrea M. Augustine, an attorney, hereby certify that on July 28, 2008, DEFENDANT GLACIER BAY, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS was filed with the Clerk of Court using the CM/ECF system, which will send an electronic copy of the foregoing to David G. Hanson at dhanson@reinhartlaw.com, counsel for plaintiff Bergstrom, Inc.

/s/ Andrea M. Augustine
Andrea M. Augustine

2971054