UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

BERGSTROM, INC.,

        Plaintiff,

        v.                          Case No. 08-C-50078

GLACIER BAY, INC.,

        Defendant.

## PROPOSED CASE MANAGEMENT ORDER

**I.** Pursuant to Fed. R. Civ. P. 26(f), correspondence regarding a proposed discovery plan was exchanged in this case between Paul Stockhausen, an attorney for Plaintiff Bergstrom, Inc. ("Bergstrom") and Andrea M. Augustine for Defendant Glacier Bay, Inc. ("Glacier Bay").

**II.** Parties agreed that the Fed.R.Civ.P. 26(a)(1) material will be exchanged by **September 12, 2008**.

**III.** Alternative Dispute Resolution Mediation. Counsels hereby certify that their clients have read the Pamphlet governing the court's mediation program, that counsels have discussed with their respective clients the available dispute resolution options provided by the court and private entities, and that counsels have given an estimation of the fees and costs that would be associated with the litigation of this matter, through trial, to their clients. Further, counsels have provided to their clients an estimate of the fees and expenses reasonably expected

to be incurred through an early successful mediation. Counsels certify that they have discussed the available ADR options with their clients, and have considered how this case might benefit from those options. Lastly, counsel certify that they have discussed the advantages and disadvantages of making a Rule 68 offer of judgment.

Within three weeks of entry of this Order, the parties will provide the Court with the name of an agreed-upon mediator, or will inform the Court that agreement on a mediator could not be reached by the parties. The mediation shall be held in Chicago, Illinois, within **120** days of such notification to the Court. Within **10** days of the conclusion of the mediation, the mediator will report to the Court a statement on whether the mediation was successful. Discovery shall not be stayed during this period. Pursuant to ADR local rules, this case is hereby referred to mediation.

**IV.** Discovery Plan. The parties jointly propose to the court the following discovery plan:

**A)** Discovery will be needed on the following subjects: (1) whether U.S. Patent No. 6,889,762 (the "'762 Patent") has been infringed by the Defendant; (2) whether the '762 Patent is valid and enforceable; (3) whether the Defendant's alleged infringement of the '762 Patent has been willful; and (4) the appropriate measure of damages.

**B)** Maximum of **30** interrogatories by each party to any other party.

  **C)** Maximum of **75** requests for admission by each party to any other party.

  **D)** Maximum of **10** depositions by Plaintiff and 10 by Defendant, excluding expert depositions.

  **E)** Each deposition shall be limited to a maximum of **7** hours unless extended by agreement of the parties.

  **G)** Claim Construction. In accordance with the following schedule, the parties shall identify the claim language material to infringement or validity in this case, make a good faith effort to agree to the definitions for the identified claim language, and submit any disputed terms to the trial court as part of the *Markman* hearing process. All disclosures required by the following schedule shall be served by electronic and U.S. mail.

    **(1)** Not later than **January 23, 2009**, Plaintiff shall serve on Defendant identification of the claim(s) Plaintiff intends to assert against Defendant.

    **(2)** Not later than **February 13, 2009,** Plaintiff shall serve on Defendant an identification of the claim language that Plaintiff believes should be defined, interpreted, or otherwise construed.

    **(3)** Not later than **March 13, 2009,** Defendant shall serve on Plaintiff an identification of any additional language that

Defendant believes should be defined, interpreted, or otherwise construed.

(4) Not later than **April 10, 2009**, Plaintiff shall serve on Defendant proposed definitions for all of the identified claim language.

(5) Not later than **May 8, 2009**, Defendant shall serve on Plaintiff alternative proposed depositions for any of the identified claim language where Defendant materially disagrees with Plaintiff's proposed definition. To the extent Defendant does not offer a proposed alternative definition, the definition proposed for the identified claim language by Plaintiff shall be considered an agreed definition for the purposes of this case.

(6) Not later than **May 22, 2009**, Plaintiff shall serve on Defendant a statement indicating which of Defendant's alternative proposed definitions are acceptable to Plaintiff. To the extent that Plaintiff does not indicate that an alternative definition proposed by Defendant for the identified claim language is unacceptable, the alternative definition proposed by Defendant shall be considered an agreed definition for purposes of this case.

(7) Not later than **June 5, 2009,** the parties shall file with the Court a Joint Claim Construction Statement that sets out: (i) the agreed definitions for the identified claim language; (ii)

each party's proposed definition for each disputed term or claim limitation; (iii) a proposed, jointly agreeable date for a *Markman* hearing, subject to the trial court's approval; and (iv) an agreed briefing schedule dealing with the disputed claim language which will be the subject of the *Markman* hearing.

      **H)**    The parties may amend their pleadings or add parties without motion by **November 14, 2008**. The parties may amend the pleadings thereafter by motion in accordance with Fed. R. Civ. P. 15.

      **I)**    Fact discovery shall be completed by **August 17, 2009**.

      **J)**    Expert disclosures in accordance with Fed. R. Civ. P. 26(a)(2) on those issues on which a party will bear the burden of proof at trial shall be served by **August 31, 2009**. Deposition of such expert(s) shall be taken by **September 30, 2009**.

      **K)**    Rebuttal expert disclosures in accordance with Fed. R. Civ. P. 26(a)(2) on those issues on which a party will not bear the burden of proof at trial shall be served by **October 30, 2009.** Deposition of such expert(s) shall be taken by **November 30, 2009**. Supplementation under Rule 26(e) may be scheduled by the Court at the request of the parties.

      **L)**    All discovery shall be completed by **November 30, 2009.**

      **M)**    Summary judgment and other dispositive motions shall be served and filed by **December 18, 2009.**

        **N)** The parties suggest the next discovery conference with the Court by **November 14, 2008**.

        **V.** Electronically Stored Information.

Electronically stored information that can reasonably be anticipated to be relevant to the litigation will be preserved. The primary source of electronically stored information for production should be active data and information used in the ordinary course of business.

In order for the court to order a search, the requesting party will need to demonstrate that the need and relevancy of the material outweigh the cost and burden of retrieving and processing the electronically stored information from such sources, including the disruption of business and the information management activities.

When balancing the cost, burden and need for electronically stored information, the courts and the parties will apply the proportionality standard embodied in Fed. R. Civ. P. 26(b)(2)(C) which requires consideration of the technological feasibility and realistic costs of preserving, retrieving, reviewing, and producing electronically stored information, as well as the nature of the litigation and the amount in controversy.

All formats primarily used for backup or disaster recovery purposes and any computer servers, external hard drives, notebooks, or personal computer hard drives created for disaster recovery purposes and not used in the ordinary course of business operations are presumed to present a burden which outweighs the

relevancy of data preserved in such formats and need not be searched absent relevance and special need.

Absent a showing of relevance and special need, a responding party will not be required to preserve, review or produce deleted, fragmented or residual electronically stored information.

Dated this 12th day of August, 2008.

    /s/ Paul J. Stockhausen
Paul J. Stockhausen
Amy L. Lindner
Attorneys for Plaintiff
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 2100
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097
dhanson@reinhartlaw.com

    /s/ Andrea M. Augustine
Andrea M Augustine
Attorneys for Defendant
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60610-4764
Telephone: 312.832.4500
Facsimile: 312.832.4700
aaugustine@foley.com

Michael D. Kaminski
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
Telephone: 202.672.5300
Facsimile: 202.672.5399
mkaminski@foley.com

**Certificate of Service**

I, Andrea M. Augustine, an attorney, hereby certify that on August 12, 2008, the foregoing Proposed Case Management Order was filed with the Clerk of Court using the CM/ECF system, which will send an electronic copy of the foregoing to David G. Hanson at dhanson@reinhartlaw.com, and Paul J. Stockhausen at pstockha@reinhartlaw.com, counsel for plaintiff Bergstrom, Inc.

/s/ Andrea M. Augustine
Andrea M. Augustine