UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

BERGSTROM, INC.,

                Plaintiff,

           v.                            Case No. 3:08-cv-50078

GLACIER BAY, INC.,

                Defendant.

**PLAINTIFF BERGSTROM, INC.'S ANSWER
TO DEFENDANT GLACIER BAY, INC.'S COUNTERCLAIMS**

Plaintiff Bergstrom, Inc. hereby answers Defendant Glacier Bay, Inc.'s counterclaims as follows:

## COUNTERCLAIMS

### Parties

1.     Glacier Bay, Inc. ("Glacier Bay") is a Delaware corporation doing business in this judicial district and has its principal place of business at 2930 Faber Street, Union City, California 94587.

**ANSWER:** Bergstrom admits that Glacier Bay is doing business in this judicial district. As to the remaining allegations of this paragraph, Bergstrom lacks information sufficient to form a belief as to the basis of their truth, and therefore denies them.

2.　Upon information and belief, Bergstrom, Inc. ("Bergstrom") is an Illinois corporation having a principal place of business at 2390 Blackhawk Road, Rockford, Illinois 61109.

**ANSWER:**　Admitted.

## Jurisdiction and Venue

3.　This is a Counterclaim for a declaration of non-infringement and patent invalidity under 28 U.S.C. § 2201.

**ANSWER:**　Bergstrom admits that the Counterclaims purport to seek a declaration of non-infringement and patent invalidity.

4.　This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**　Admitted.

5.　This Court has personal jurisdiction over Bergstrom.

**ANSWER:**　Admitted.

6.　Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:**　Admitted.

## COUNT I

### (Declaratory Judgment of Non-Infringement)

7.　Glacier Bay incorporates and realleges Paragraphs 1-6 of this Counterclaim as Paragraph 7.

**ANSWER:**   Bergstrom incorporates herein by reference and repeats its responses to Paragraphs 1-6 of its Answer to Glacier Bay's Counterclaim.

8. Bergstrom has asserted and continues to assert that Glacier Bay infringes claims of U.S. Patent 6,889,762 (the "'762 Patent").

**ANSWER:**   Admitted.

9. An actual controversy exists between Bergstrom and Glacier Bay with respect to whether certain Glacier Bay products infringe the '762 Patent.

**ANSWER:**   Admitted.

10. The accused Glacier Bay products do not infringe any valid and enforceable claim of the '762 Patent either directly or indirectly. Glacier Bay is therefore entitled to a declaration of the Court, pursuant to 28 U.S. C. § 101, that the accused Glacier Bay products do not infringe the '762 Patent.

**ANSWER:**   Denied.

## COUNT II

### (Declaratory Judgment of Invalidity)

11. Glacier Bay incorporates and realleges Paragraphs 1-10 of this Counterclaim as Paragraph 11.

**ANSWER:**   Bergstrom incorporates herein by reference and repeats its responses to Paragraphs 1-10 of its Answer to Glacier Bay's Counterclaim.

12. An actual controversy exists between Bergstrom and Glacier Bay with respect to the validity of the '762 Patent.

**ANSWER:**   Denied.

13. The '762 Patent at issue, and more particularly the claims of the '762 Patent alleged to be infringed, are invalid and of no effect for failure to comply with one or more of the requirements set forth in Title 35 of the United States Code, including but not limited to Sections 102, 103, and/or 112. Glacier Bay is therefore entitled to a declaration of the Court, pursuant to 28 U.S.C. § 2201, that the asserted claims of the '762 Patent are invalid.

**ANSWER:** Denied.

### AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Without altering the burden of proof, Bergstrom asserts the following defenses, which are based upon an investigation that is not complete and prior to the results of any discovery regarding this Counterclaim. Bergstrom's investigation of its defenses is continuing and Bergstrom reserves the right to assert all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defense, at law or in equity that may now exist or in the future be available based upon discovery and further investigation in this matter.

1. Glacier's Bay's Counterclaim is barred because Glacier Bay has failed to allege facts sufficient to demonstrate a case or controversy pursuant to 28 U.S.C. § 2201.

WHEREFORE, Bergstrom respectfully requests that this Court:

A. Dismiss Glacier Bay's Counterclaim with prejudice;

B.      Deny Glacier Bay all relief sought in its Counterclaim, or, in the alternative, declare that Glacier Bay has infringed the '762 Patent and declare that the asserted claims of the '762 Patent are valid and enforceable;

C.      Grant Bergstrom the relief sought in its Complaint; and

D.      Award Bergstrom such other and further relief as the Court may deem just and proper.

Dated this 18th day of August, 2008.

                                                          *s/*Amy L. Lindner
                                                          David G. Hanson
                                                          dhanson@reinhartlaw.com
                                                          Paul J. Stockhausen
                                                          pstockha@reinhartlaw.com
                                                          Amy L. Lindner
                                                          alindner@reinhartlaw.com
                                                          Attorneys for Plaintiff, Bergstrom, Inc.
                                                          Reinhart Boerner Van Deuren s.c.
                                                          1000 North Water Street, Suite 2100
                                                          Milwaukee, WI 53202
                                                          Telephone:  414-298-1000
                                                          Facsimile:  414-298-8097

REINHART\2426552