UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

BERGSTROM, INC.,

                Plaintiff,

        v.                              Case No. 08-CV-50078

GLACIER BAY, INC.,

                Defendant.

**REPLY IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Glacier Bay, Inc.'s Memorandum in Opposition to Bergstrom's Motion to Compel Discovery provides no justification for Glacier Bay's refusal to produce to Bergstrom under the previously entered protective order the source code that Glacier Bay concedes is both relevant and responsive. Glacier Bay disingenuously hinges its response on the new assertion that such source code should be produced only with a special prosecution bar to prevent patent prosecution counsel for Bergstrom from gaining access to the code. Glacier Bay failed to mention this concept of a special prosecution bar at any point prior to its response brief – up to and including the meet and confer preceding Bergstrom's motion to compel. While Bergstrom will separately brief Glacier Bay's new motion seeking such a special prosecution bar, it is sufficient for this motion that Glacier Bay fails to substantiate any reason why the source code should not be produced under the protective order already entered in this case.

**I.    GLACIER BAY OFFERS NO JUSTIFICATION FOR ITS REFUSAL TO PRODUCE THE SOURCE CODE UNDER THE CURRENT PROTECTIVE ORDER.**

Glacier Bay concedes that the source code is relevant and responsive to Bergstrom's discovery requests. Rather than addressing the legal standards appropriate to a motion to compel

as discussed in Bergstrom's opening brief, Glacier Bay uses its response brief to argue for a special prosecution bar that is also the subject of Glacier Bay's new motion filed contemporaneously with its response brief. Glacier Bay's response, however, fails to explain why a prosecution bar is appropriate or necessary with respect to the source code in any manner unique or different from any of the other confidential information already being disclosed in this case without such protection.

The relevant information that can be gleaned from a review of the source code is the specific description of the operation of the ClimaCab product. Whether or not prosecution counsel views the source code itself, prosecution counsel will be entitled to learn in detail how the ClimaCab product operates. As such, preventing prosecution counsel from seeing the code itself will not give Glacier Bay the protection that it claims to seek.

Glacier Bay attempts to gloss over the specifics by labeling the source code its "crown jewels" but the actual details to not support Glacier Bay's position. Rather than offering any specific justification, Glacier Bay cites only to cases that would demonstrate that source code is, in general, sensitive information.[1] Specifically, Glacier Bay points *U.S. v. Cox,* 73 F.Supp.2d 751, 764 n.15 (S.D. Tex. 1999) to support its position that "the importance of keeping source code confidential and the risks of disclosure to competitors are well established." (Dkt. No. 89, p. 6.) *Cox,* however, did not so much as mention a prosecution bar. There, the Southern District of Texas refused to order the defendant to produce source code, finding that it was not relevant to whether the defendant properly accounted for revenues. *Cox,* 73 F.Supp. 2d at 762. Here, there is no dispute that the source code is relevant.

---

[1] Bergstrom concedes this point, and is willing to stipulate that the source code may be designated "Confidential: Attorneys Eyes Only" in accordance with the protective order.

Glacier Bay also cites to *Linkco Inc. v. Fujitsu Ltd.,* 230 F.Supp.2d 492, 499 (S.D.NY 2002) for the proposition that "source code has been treated as a trade secret where, as here, the details of the code cannot be readily reviewed by the public. . . " (Dkt. 89, p. 7.) However, the court in *Linkco* actually rejected the plaintiff's contention that source code is a trade secret, and found, "because software architecture cannot remain secret once it is marketed, it cannot rise to the level of a trade secret, as a matter of law." *Linkco,* 230 F.Supp. 2d at 499. *Linkco* underscores the warning that simply identifying source code as source code does not necessarily entitle that information to some greater level of protection (exactly what Glacier Bay inappropriately attempts here).

### II.     COSTS AND FEES ARE APPROPRIATE.

Glacier Bay seeks to avoid the imposition of sanctions by characterizing itself as merely taking reasonable steps to protect its "crown jewels."  That characterization, however, is at odds with the actual facts of Glacier Bay's behavior.  Glacier Bay unilaterally offered an obviously insufficient method of production for this highly relevant and voluminous information at odds with the parties' agreed practice for production and the protective order applicable in the case. Even at the parties' meet and confer, Glacier Bay offered no justification for its position and refused to discuss any alternatives other than its onerous and ineffective procedure.  Glacier Bay never before mentioned the prosecution bar that it now claims is the central component of its objection.[2]  Under these circumstances, an award of costs and fees is appropriate.

---

[2] Glacier Bay's arguments in its Response to Bergstrom's Motion to Compel largely parrot the arguments made in its earlier motion for a prosecution bar, which were rejected by the Court. (Dkt. No. 34.)  Particularly given this Court's earlier ruling regarding the prosecution bar, combined with Glacier Bay's failure to produce the source code (and to even suggest that it would be agreeable to production pursuant to a prosecution bar), Glacier Bay was not "substantially justified" in its refusal to produce the source code.

3

Dated this 15th day of January, 2010.

    /s/ Jessica Hutson Polakowski
Paul J. Stockhausen
Amy L. Lindner
Jessica Hutson Polakowski
Attorneys for Plaintiff
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 2100
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097
pstockha@reinhartlaw.com
alindner@reinhartlaw.com
jpolakowski@reinhartlaw.com

REINHART\3104940