## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

BERGSTROM, INC.,

Plaintiff,

v.                                    Case No. 08-CV-50078

GLACIER BAY, INC.,

Defendant.

## BERGSTROM INC.'S RESPONSE TO GLACIER BAY, INC.'S MOTION FOR A SPECIAL PROTECTIVE ORDER COVERING GLACIER BAY'S SOURCE CODE

Glacier Bay's eleventh hour Motion for a Special Protective Order is a thinly-veiled attempt to justify its failure to disclose information to which it now concedes that Bergstrom is entitled: the source code for its accused ClimaCab product. However, this issue has been once briefed and decided by this Court, and Glacier Bay does not present any significant factual information that would demonstrate that a prosecution bar is now necessary. In fact, a prosecution bar will provide no actual protection to Glacier Bay, and will cause unnecessary expense and hardship for Bergstrom.

Accordingly, Bergstrom respectfully requests that the Court deny Glacier Bay's Motion for a Special Protective Order.

## I.     A SPECIAL PROSECUTION BAR APPLICABLE TO THE CLIMACAB SOURCE CODE IS NEITHER NECESSARY OR APPROPRIATE.

This Court already rejected a blanket prosecution bar requested by Glacier Bay after it was fully briefed and argued.  (*See* Dkt. Nos. 23-26, 29-30, 34.)  In response to Glacier Bay's attempt to obtain a blanket prosecution bar preventing Bergstrom's patent counsel access to all confidential information disclosed in the course of this case, the Court "require[ed] more than just a determination that an attorney who is litigating a patent infringement case also prosecutes patents for a competitor before the court will subject that attorney to a prosecution bar."  (Dkt. No. 34, p. 6.)  In denying Glacier Bay's request for a prosecution bar, this Court rejected Glacier Bay's "vague description of Reinhart's competitive analysis practice group" as "simply not enough to satisfy the good cause requirement of Rule 26(c)." *Id.*

Though Bergstrom will not re-brief the standard for entering a prosecution bar, it is noteworthy that Glacier Bay, even after the previous round of briefing and this Court's ruling on January 5, 2009, continues to rely on *Interactive Coupon Mktg. Group, Inc. v. H.O.T.! Coupons, LLC*, 1999 WL 618969 (N.D. Ill. Aug. 9, 1999), and a line of cases stemming therefrom.  As Bergstrom pointed out in the brief filed with this Court on November 11, 2008 (Dkt. No. 29):

> This Court expressly rejects the position—put forward by Glacier Bay in its motion—that a patent prosecution bar may be entered 'based on the *assumption* that patent attorneys' given access to confidential information will 'inevitably disclose that

information.' *Smartsignal Corp. v. Expert Microsystems, Inc.*, 2006 WL 1343647, *5 (N.D. Ill. May 12, 2006) (emphasis added) (rejecting the reasoning of *Interactive Coupon Mktg. Group, Inc. v. H.O.T.! Coupons, LLC*, 1999 WL 618969 (N.D. Ill. Aug. 9, 1999); *Motorola, Inc. v. Interdigital Tech. Corp.*, 1994 WL 16189689 (D. Del. Dec. 19, 1994); and *Cummins-Allison Corp. v. Glory Ltd.*, 2003 U.S. Dist. LEXIS 23653 (N.D. Ill. Dec. 31, 2003)).

In *Smartsignal*, this Court rejected the per se rule as contrary to Federal Circuit law and held that a party must make a factual showing of competitive decision-making before denying access to confidential information by an attorney. *Smartsignal*, 2006 WL 1343647, *6. Citing the Federal Circuit, this Court noted that 'denying access' to counsel on the ground that they also 'prosecute patents' is the 'type of generalization counseled against in *U.S. Steel*. The facts, not the category, must inform the result.' *Id. citing In re Sibia*, 1997 WL 688174, *7 (C.A. Fed. 1997).

(Dkt. No. 29, pp. 3-4.)

This Court expressly adopted the reasoning of *Smartsignal* in its January 5, 2009 Memorandum Opinion and Order (Dkt. No. 34-1), rejecting the reasoning of the cases that Glacier Bay once again puts forward.

Glacier Bay has not offered any additional facts (other than once again pointing to Reinhart's website and its description of the firm's "Competitive Analysis" group (Dkt. No. 89, p. 3)) to establish that Bergstrom's patent counsel is involved in "competitive decision-making." Rather, Glacier Bay has attempted to establish that the source code at issue is so confidential as to tip the scales of the prosecution bar analysis in its favor. However, Glacier Bay has offered no

3

convincing evidence that the source code at issue is so highly sensitive and confidential as to require the issuance of a prosecution bar. The only cases cited by Glacier Bay in which a court ordered a prosecution bar to protect source code are cases already rejected by this jurisdiction in *Smartsignal*.[1] Moreover, once one goes beyond the generic assertion that the source code is the "crown jewels" and digs into the substance of the information potentially to be disclosed to patent counsel, Glacier Bay fails to establish anything special about the information embodied in the source code that creates a unique need for a prosecution bar.

Glacier Bay's repeated, but unsubstantiated, references to its source code as the "crown jewels" relies on the more common context of source code for a pure software product, where the product *is* the source code and disclosure of the source code constitutes the naked disclosure of all of the owner's secrets. In that context, one would look at the source code for the purpose of seeing the code (i.e. how exactly the programmer executed the design functionality). That context does not apply here.

---

[1] In contrast to Glacier Bay's Response brief, Bergstrom cited to several cases in its Memorandum in Support of its Motion to Compel Discovery that specifically addressed whether and how source code was discoverable. (Dkt. No. 86, pp. 7-8.) In both *Metavante,* and *Dynamic Microprocessor,* the Court ordered the production of source code subject to the terms of a protective order which did not include a prosecution bar. In *Metavante Corp. v. Emigrant Savings Bank,* 2008 WL 1969596, *2 (E.D. Wis., 2008), the court required production of the source code pursuant to a protective order which provided "information or documents designated as confidential . . . may not be used or disclosed . . . for any purposes whatsoever other than preparing for and conducting the litigation. . . ." *Id.* Likewise, in *Dynamic Microprocessor Associates v. EKD Computer Sales,* 919 F.Supp. 101 (E.D. NY 1996), the court required production of source code pursuant to several conditions, none of which included a prosecution bar, and all of which Bergstrom is willing to consent to.

In this circumstance, the goal of analyzing the code is not necessarily to see the code itself, but rather to learn the functionality. The particular programmatic execution of the functionality (which is what an owner is normally seeking to keep secret in a case involving source code) is irrelevant here. The source code is nothing but the operating instructions followed by the controller of the ClimaCab product. It establishes the algorithm that the controller follows in operating the system (e.g. telling the system to shut off the compressor and charge the batteries when the input voltage exceeds a particular threshold). That algorithm – which is the information critical to the infringement issue in this case – is information that Glacier Bay cannot justifiably shield from disclosure. But it is that algorithm (if anything) that bears on Glacier Bay's stated concern in raising the issue of a prosecution bar: that a patent attorney could use the information disclosed to tweak claim language in a subsequent patent application to better cover the algorithm. It is not the source code itself or the particular programmatic execution of the algorithm expressed in the source code that raises the concern, but rather the higher-level algorithm. As a result, the source code does not create a special case justifying a prosecution bar.

As such, Glacier Bay has presented no compelling evidence to suggest that a special prosecution bar applicable to its source code is appropriate. It has not established that Bergstrom's patent counsel are "competitive decision makers," nor has it established that it will suffer any special harm should the source code at issue be disclosed to Bergstrom's patent counsel that doesn't apply equally to all

the other confidential information in the case to which a prosecution bar does not apply. Through the course of this suit, Bergstrom and its patent counsel will, via discovery, learn in detail how the ClimaCab system operates. While the source code is important to the case, it does not provide any confidential information usable in the context of patent prosecution that is not already otherwise available without application of a prosecution bar.

Further, Bergstrom will suffer unjustifiably if the Court enters a prosecution bar for the source code. As discussed previously in Bergstrom's Memorandum in Opposition to Entry of a Protective Order with a Patent Prosecution Bar ("Dkt. No. 29"), if the Court enters the prosecution bar recommended by Glacier Bay, Bergstrom will be forced to choose between: (1) preventing its litigators from consulting with Bergstrom's chosen patent counsel in this lawsuit concerning Bergstrom's patents; or (2) losing the benefit in future prosecution activities of the 10-year relationship with its patent counsel and the attendant expertise patent counsel has gained regarding Bergstrom and its technology. (*See* Dkt. No. 29, pp. 8-9.) This prejudice, and the applicable case law in light of the long-term relationship, was recited in detail in Bergstrom's Brief at Dkt. No. 29, (pp. 8-9), at oral argument on Glacier Bay's previous unsuccessful motion to obtain a prosecution bar, and is incorporated herein by reference.

Given the harm Bergstrom will suffer if a prosecution bar is entered, and Glacier Bay's failure to make anything like the showing required to institute a

prosecution bar to deny Bergstrom its counsel of choice, Bergstrom respectfully requests that this Court deny Glacier Bay's Motion for a Special Protective Order.

Dated this 19th day of January, 2010.

/s/ Amy L. Lindner
Paul J. Stockhausen
Amy L. Lindner
Jessica Hutson Polakowski
Attorneys for Plaintiff
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 2100
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097
pstockha@reinhartlaw.com
alindner@reinhartlaw.com
jpolakowski@reinhartlaw.com

REINHART\3119378