IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BERGSTROM, INC., <br> Plaintiff, <br><br> vs. <br><br> GLACIER BAY, INC., <br> Defendants. | Case No. 08 C 50078 <br><br> Magistrate Judge <br> P. Michael Mahoney <br><br> FILED <br> JAN 2 2 2010 <br> MICHAEL W. DOBBINS <br> CLERK, U.S. DISTRICT COURT |

## MEMORANDUM OPINION AND ORDER

Before the court is one motion from Bergstrom, Inc. ("Bergstrom") and three motions from Glacier Bay, Inc. ("Glacier Bay"). Bergstrom's motion seeks to compel a source code. Glacier Bay's first motion seeks a protective order regarding the same source code. The source code is a human readable text in a programming language that shows how the controller in Glacier Bay's ClimaCab system works. It exists in at least two versions. Each version is approximately 23,500 pages long.

Both sides agree that the source code, albeit a trade secret, is discoverable. They dispute the appropriate conditions under which Glacier Bay should produce the source code. Bergstrom argues that the protective order currently in place in this case adequately protects Glacier Bay's interests with regard to the source code. Inasmuch, Bergstrom wants the source code produced as all other documents have been produced in this case: in a format using OCR'ed tiff and with an appropriate confidentiality designation as provided under the protective order.

Conversely, Glacier Bay argues that the source code is "one of the 'crown jewels' among its intellectual property assets." (Glacier Bay Resp. to Bergstrom's Mot. 5-6.) The highly

1

sensitive nature of the source code demands more protection than that provided under the current protective order. Glacier Bay suggests that one Bergstrom attorney and an expert hired by Bergstrom can view the source code on a laptop located in the offices of Glacier Bay's attorneys. (Calkins Decl. Ex. A.) Bergstrom's attorney and expert will be supervised by a paralegal during the viewing. (*Id.*) Bergstrom's expert will be allowed to print screen shots of anything he or she deems necessary and useful. (*Id.*)

Alternatively, Glacier Bay seeks entry of a protective order specific to the source code. Glacier Bay's proposed protective order includes a prosecution bar preventing persons involved in prosecuting Bergstrom patents from reviewing the source code. (Glacier Bay's Mot. for Prot. Order 2.) Glacier Bay has identified two attorneys at Reinhart Boerner Van Deuren s.c. ("Reinhart"), the law firm hired by Bergstrom, causing it particular concern: Jeffrey Makeever, who is an attorney involved in this litigation and who also prosecutes patents for Bergstrom, and David Hanson, the lead attorney for Bergstrom on record in this case and part of Reinhart's Competitive Analysis group. (*Id.* at 7.)

Under Rule 26(c)(1), the court "may, for good cause, issue an order to protect a party . . . from . . . undue burden or expense [by] requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *Fed. R. Civ. P.* 26(c)(1)(G). Glacier Bay's suggestion that Bergstrom view the source code on a laptop is overly burdensome to Bergstrom. Glacier Bay has not made a sufficient showing that the circumstances regarding the source code justify such a restrictive viewing. Having an expert view 23,500 pages on a laptop in a room while printing screen shots of information he deems, at the time, to be important would take an incalculable amount of time. If Glacier Bay agrees to produce a second version of the source code, presumably Bergstrom's expert would have to sift

2

through another 23,500 pages. Although it appears that this method of producing source codes is used by parties in patent infringement cases on occasion, it is not appropriate under the circumstances here.

Glacier Bay has also failed to make a sufficient showing that Hanson should be barred from viewing the source code. The only reason Glacier Bay offers to bar Hanson from viewing the source code is Hanson's membership in the Competitive Analysis group. That is not enough.

There is a risk, though, if Makeever views the source code. Although this court already rejected a blanket prosecution bar in this case, *Bergstrom, Inc. v. Glacier Bay, Inc.*, 08-C50078, at 6–7 (N.D. Ill. Jan. 5, 2009) (Crt. Doc. 34-1), the source code is the type of highly sensitive information for which good cause may exist to afford special protection.

Further, Bergstrom has not convinced the court that barring Makeever from viewing the source code would be overly burdensome to its preparing this lawsuit. Bergstrom's trial attorneys and its expert will be able to analyze the source code sufficiently to litigate this case. Glacier Bay's interest in keeping the source code secret from Makeever outweighs Bergstrom's interest in having Makeever analyze the source code for the purposes of preparing its case. The court grants in part Bergstrom's motion to compel and grants in part Glacier Bay's motion for a protective order. The court orders Glacier Bay to produce the source code to Bergstrom in an OCR'ed tiff format, or a comparable format deemed reasonable by the parties, and with appropriate confidentiality designations as set forth in the court's protective order entered January 30, 2009. The court further orders that Attorney Makeever is not to have access to the source code.

Glacier Bay's second motion seeks to compel production of documents related to settlement talks that occurred between Bergstrom and another party in a different lawsuit, *ACC*

3

*Climate Control v. Bergstrom, Inc.*, filed in the Northern District of Indiana. Glacier Bay argues that the patent at issue in *ACC Climate Control v. Bergstrom, Inc.* is related to the patent at issue in this suit. Glacier Bay asserts that the documents "are directly relevant to any damages that Bergstrom may claim on its patent infringement claim, in particular, calculation of any reasonable royalty." (Glacier Bay's Mot. to Compel Settlement Docs. 2.)

Bergstrom represents that the settlement discussions that took place in *ACC Climate Control v. Bergstrom, Inc.* broke down, and that the litigation is moving forward. No settlement agreement was signed in that case, and the parties are no longer negotiating.

There is a strong public policy in favor of settlement. Frank discussion and exchange of information is required to facilitate settlement. Without confidentiality, the discussions and exchange of information necessary to the settlement process may not occur. Compelling the production of documents generated with respect to those discussions and exchanges of information may chill the confidentiality that parties rely on during their settlement negotiations and, in turn, obstruct settlement.

The public policy regarding confidentiality during settlement negotiations is captured in Federal Rule of Evidence 408. Rule 408 renders inadmissible evidence of "furnishing or offering or promising to furnish or accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise the claim," or "conduct or statements made in compromise negotiations regarding the claim." *Fed. R. Evid.* 408(a)(1) & (2). Although Rule 408 is an evidentiary rule and not a discovery rule, the court believes that the public policy it captures is greater in scope than the admissibility of evidence at trial.

Under the circumstances presented, the court will not compel Bergstrom to produce documents generated during the settlement negotiations that took place in the case *ACC Climate*

4

*Control v. Bergstrom, Inc.* Glacier Bay's second motion to compel is denied.

Glacier Bay's last motion seeks to compel answers to the following four requests to admit:

> Request for Admission No. 6: Bergstrom did not disclose the existence of the Sierra Compressor and Digital Control Device to its patent prosecution counsel at Leydig, Voit & Mayer, Ltd. prior to the filing date of the U.S. patent application that issued as U.S. Patent No. 6,889,762 B2.
>
> Request for Admission No. 7: Bergstrom did not disclose the existence of the Sierra Compressor and Digital Control Device to its patent prosecution counsel at Leydig, Voit & Mayer, Ltd. prior to the issue date of the U.S. Patent No. 6,889,762 B2.
>
> Request for Admission No. 8: Bergstrom did not disclose the existence of the Masterflux Compressors to its patent prosecution counsel at Leydig, Voit & Mayer, Ltd. prior to the filing date of the U.S. patent application that issued as U.S. Patent No. 6,889,762 B2.
>
> Request for Admission No. 9: Bergstrom did not disclose the existence of the Masterflux Compressors to its patent prosecution counsel at Leydig, Voit & Mayer, Ltd. prior to the issue date of U.S. Patent No. 6,889,762 B2.

(Glacier Bay's Mot. to Compel Requests to Admit 2.) Bergstrom argues that answering these requests to admit would violate the attorney-client privilege.

First, the court must decide whether to apply the law of the Federal Circuit or the law of the Seventh Circuit. Issues implicating substantive patent law are decided under the law of the Federal Circuit. *In re Spalding Worldwide, Inc.*, 203 F.3d 800, 803 (Fed. Cir. 2000). Further the Federal Circuit has held,

> a procedural issue that is not itself a substantive patent law issue is nonetheless governed by Federal Circuit law if the issue pertains to patent law, if it bears an essential relationship to matters committed to our exclusive [jurisdiction] by statute, or if it clearly implicates the jurisprudential responsibilities of [the Federal Circuit] in a field within its exclusive jurisdiction.

*Id.* (internal quotes omitted). The applicability of the attorney-client privilege to disclosure of prior art by an inventor to a patent attorney pertains to substantive patent law. Thus, the court

5

will apply the law of the Federal Circuit.

The Federal Circuit held that a communication made by a client to an attorney for the purpose of obtaining legal advice or services is protected by the attorney-client privilege. *Id.* at 805. The Federal Circuit has found that an invention record submitted from an inventor to a patent attorney was subject to the attorney-client privilege. *Id.* The invention record contained things such as the names of the inventors, a description and the scope of the invention, the closest prior art, the first date of conception and disclosure to others, and the dates of publication. *Id.* at 802 n.2. Because the prior art was part of the invention record, and the overall tenor of the invention record indicated that it was a request for legal advice or services, the court found that the prior art was also protected by the attorney-client privilege. *Id.* at 806.

In this case, Glacier Bay's requests for admission assume that the Sierra Compressor and Digital Control Device, and the Masterflux Compressors, constitute prior art to the patent at issue. If the patent attorney who prosecuted the patent at issue was aware of their existence and failed to disclose them to the United States Patent and Trademark Office when he or she applied for the patent-in-suit, Glacier Bay may be able to prove a claim of inequitable conduct.

If the Sierra Compressor and Digital Control Device, and the Masterflux Compressors, do constitute prior art with respect to the patent at issue, then the disclosure of the prior art by the inventor to the patent attorney would be a communication from a client to an attorney for the purpose of obtaining legal advice. This is true if the inventor disclosed the prior art before the patent application was filed, or if the inventor disclosed the prior art before the patent was issued. The prior art need not necessarily be handed to the patent attorney at the same time as an invention record, as was the case in *In re Spalding*. The inventor need only be communicating with the patent attorney for the purpose of obtaining legal advice.

Under the circumstances presented to the court, it appears that if Bergstrom denies Requests for Admission Numbers 6-9, it may divulge communications otherwise protected by the attorney-client privilege. The court will not order Bergstrom to answer the requests for admission and risk forcing it to violate the attorney-client privilege. Glacier Bay's motion to compel Bergstrom's answers to Requests for Admission Numbers 6–9 is denied.

**E N T E R:**

_P. Michael Mahoney_

**P. MICHAEL MAHONEY, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

DATE: 1/22/10