IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| BERGSTROM, INC.<br>Plaintiff, | ) ) ) ) ) ) ) ) ) ) ) | Case No. 08 C 50078<br><br>Judge<br>Frederick Kapala<br><br>Magistrate Judge<br>P. Michael Mahoney |
| vs. | | |
| GLACIER BAY, INC.,<br>Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

**I.     Introduction**

This is a patent case where Plaintiff has alleged Defendant infringed on four of its patents regarding over-the-road vehicular air conditioning systems. The parties have been engaged in discovery for over two years. Since June 9, 2010, the court has taken under advisement three motions to compel documents and production of prepared Rule 30(b)(6) witnesses filed by Plaintiff and a motion for a protective order filed by Defendant. The court has reviewed the extensive materials submitted by the parties with regard to the various motions and will address each deposition topic or motion herein.

**II.    Plaintiff's Motion to Compel Production of Timeline Document**

Plaintiff's motion to compel production of a timeline they assert was used by Kevin Alston in preparing for his Rule 30(b)(6) deposition is denied. This issue was before the court during a hearing on June 11, 2010, at which time Plaintiff's counsel cited to testimony and case law that it had not included in its initial motion. At issue in the hearing was whether Mr. Alston

did, in fact, refer to or use the timeline document to refresh his memory before or during his deposition. Plaintiff's counsel stated in open court that "during the course of that deposition, Mr. Alston stated, quite clearly, I ... I ... we asked him a question regarding the sequence of events, and he said 'I don't know, I'd have to look back to my timeline.'" The court allowed the parties to supplement their briefs to include and discuss this information.

In its supplemental brief in support of its motion to compel, Plaintiff provided the following quote from Mr. Alston:

> Q: What was that project?
>
> A: Northrop Grumman ended up buying – and again, I have to look at the sequence of events here. One came first, and then the other one. They ended up buying the rights to that particular technology, apparently, from Westinghouse.

(Pl.'s Supp. Brief in Support of Mot., p. 4-5.) The court does not view Mr. Alston's comment as a clear statement that he was referring back to any timeline. Plaintiff argues that *Reed v. Advocate Health Care*, 2008 WL 162760 (N.D. Ill. Jan. 17, 2008) stands for the idea that the document in question does not have to actually refresh the witnesses' recollection. (Pl.'s Supp. Brief in Support of Mot., p. 3.) If the witness reviewed the document, the Plaintiff believes it is entitled to its production. The court disagrees with Plaintiff's view of the *Reed* decision. Not only did the court in *Reed* both presume and plainly state that the document, a law review article published by a third party, refreshed the witness's recollection, but many of the cases reviewed by the court also considered the issue of refreshed recollection. *Reed* at *2. Specifically, the court discussed *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144-46 (D. Del. 1982), wherein the court held that certain documents used to prepare a witness would have been protected by the work product privilege *but for* their use to refresh the witness's memory prior to

2

testifying.  *Reed* at *2*; see also Nicholas Murlas Living Trust, et al. v. Mobil Oil Corporation*, 1995 WL 124186 (N.D. Ill. 1995)(discovery reopened to allow deposing party to examine witnesses as to what documents were used to refresh recollection and were, therefore, discoverable).  The timeline was actually prepared by Defendant's counsel through communications with the witness.  Further, Mr. Alston stated in his deposition that the document did not in any way refresh his recollection, nor did it affect his testimony.  (Def.'s Mem. in Opposition, p. 11.)  Therefore, the court finds the document is work product and the privilege was not waived during the deposition.

**III.     Plaintiff's Motion to Compel Filed on June 28, 2010**

Plaintiff's motion to compel Defendant to produce a prepared 30(b)(6) witness and the production of documents, filed on June 28, 2010, is granted in part.  In the motion, Plaintiff is seeking further Rule 30(b)(6) testimony regarding topic numbers 42, 23, 32, 43, and 34.  More generally, Plaintiff pointed to testimony from Marc Hoffman, Defendant's Chief Executive Officer, stating that he met with Defendant's attorney but did not meet with anyone at the company or review any documents in order to prepare for testimony.  Mr. Hoffman was designated to speak to 41 topics, presumably because of the knowledge he held as CEO of the company.  The court will address each topic to which Plaintiff alleges the witness was unable to testify to completely.

Topic 42 sought information on Defendant's knowledge of each of the patents in the suit and the circumstances in which Defendant first learned of each of the patents.  The transcript of Mr. Hoffman's testimony on this subject reveals that he was speaking as to his own personal acquisition of knowledge as to when Glacier Bay learned of the patents through legal counsel.  If Glacier Bay acquired knowledge of the patents other than how and when Mr. Hoffman acquired

3

knowledge, Plaintiff is entitled to that information. Therefore, Defendant is ordered to certify that Mr. Hoffman's testimony, even though based on personal knowledge, also represents the complete testimony of the company as to this topic. If Defendant is unable to certify such a statement, Plaintiff is entitled to a continued Rule 30(b)(6) deposition on this topic and will be allowed an additional ½-hour of testimony.

Topic 23 sought information on Defendant's efforts to design around a patent. Plaintiff argues Mr. Hoffman was unable to testify as to one specific patent. The transcripts reflect that Mr. Hoffman made a reasonable effort to answer the questions as repeatedly presented by Plaintiff's counsel. As with topic 42, the court orders Defendant to certify that Mr. Hoffman's testimony represents the complete testimony of Glacier Bay as to this topic.

Topic 32 was objected to by Defendant in a communication with Plaintiff on April 30, 2010, on the grounds that it sought expert opinion and information subject to privileges. Defendant did not designate a witness for this topic, and the parties never resolved this discovery matter. Defendant's witnesses were under no obligation to testify to this topic. Plaintiff's motion is denied as to topic 32.

Topic 43 sought information on Defendant's factual basis for its assertions of non-infringement with regard to a particular patent. This topic appears to require interpretation of terms relating to a patent that are disputed. Defendant's testimony, or lack thereof, was not based on lack of preparation, but on a lack of understanding or agreement with the nomenclature used by Plaintiff's counsel during questioning. The witness was reasonable in his efforts to answer the questions. Plaintiff's motion is denied as to topic 43.

Topic 34 relates to the affirmative defenses of laches and estoppel that were asserted in Defendant's Answer to the Complaint. The designated Rule 30(b)(6) deponent admitted he was

4

not prepared to answer questions as to this subject. Defendant now states that the defenses were stated in its pleadings in order to prevent their waiver, and discovery has since revealed that they have no factual basis. The court therefore strikes the two affirmative defenses and denies the motion.

Finally, Plaintiff's motion to compel production of Defendant's testing videos is denied. Contrary to Plaintiff's assertions, the records before the court reflect that Defendant asserted the attorney-client and work-product privilege two days before Plaintiff's motion was filed, and the parties did not attempt to resolve the matter subsequent to Defendant's claim. Plaintiff contends that the videos were created at the request of Mr. Alston and appear to be for advertising or marketing purposes. However, Plaintiff's own exhibit in support of its motion reveals that one video contained the words "for court case" in its title. (Rinehart Declaration, Dkt. No. 156, Ex. D.) Defendant's counsel has submitted an affidavit stating that both videos were prepared to aid counsel in its understanding of the technology at issue in this case and both contained the phrase "for court case" in their file names. If Plaintiff can show that these videos were not, in fact, intended as visual communications with counsel in furtherance of Defendant's preparation for this litigation, but rather for business purposes, the court will revisit Plaintiff's motion on this topic.

**IV.     Plaintiff's Motion to Compel Filed on July 14, 2010**

Plaintiff's second motion to compel Defendant to produce a prepared rule 30(b)(6) witness is granted, in part. As with Plaintiff's prior motion, the court will address the topics in dispute as listed by the parties.

Requests 35-37 sought information relating to component prototypes being used or sold in Defendant's products prior to three different dates. Defendant admits that its witness was not

informed of or prepared for these topics. Defendant further admits that it attempted to provide supplemental information after a break, and failed to provide responsive information. The court finds that Plaintiff is entitled to continued testimony from a prepared witness on these topics. Plaintiff will have an additional hour of deposition as to these three topics.

With regard to topic 42, it appears Mr. Alston was designated as a witness for one particular patent. This topic sought information on when Defendant first became aware of the patent. Defendant admits Mr. Alston was unaware that he was to testify to this topic, but as with Mr. Hoffman's topic 42 testimony, Mr. Alston attempted to testify based on his personal knowledge. Defendant has also provided an answer to an interrogatory that provides some information on this topic. That said, the court recognizes Plaintiff's right to a prepared witness Rule 30(b)(6) and the potential need for follow-up questioning of the information already provided. Therefore, Plaintiff's motion is granted as to topic 42 with the limitation that the deposition not be duplicative of information already provided. Plaintiff will have one additional hour of deposition for this topic.

Topic 3 sought information on "the function, purpose, and operation of the "compressor control" provided with the Sierra compressor, including the history and development of the controller from the first conception of the requirement or desire for such controller in connection with the Sierra compressor." The court finds Mr. Alston's testimony a reasonable attempt to answer questions under this relatively broad topic. To address Plaintiff's concerns regarding the potential for additional information, Defendant is ordered to certify that its witness's testimony, even though based on personal knowledge, provided complete testimony on behalf of Defendant. Plaintiff's motion is denied without prejudice as to topic 3.

Topic 5 sought information regarding the departure of Kevin Alston from Glacier Bay.

Mr. Alston was a reasonable witness to testify to this subject, and he adequately described the circumstances surrounding his departure. Plaintiff's motion is denied as to topic 5.

Topic 8 sought information on the transfer of interest in the Sierra compressor and associated technology to Tecumseh. The court finds Defendant's witness responded in a reasonable manner and provided substantive testimony as to this topic. Plaintiff has not provided a reason why this deposition must be redone. The motion is denied as to topic 8.

Topics 10-12 sought information on the development of the ClimaCab product from concept to present. The parties agree that Mr. Alston was able to testify to this subject based on his personal knowledge and only through the first quarter of 2007. The court notes that Mr. Dobbs also provided extensive testimony on topics regarding the operation of the ClimaCab product including all previous versions going back to the prototype and changes in each version of the product. However, Plaintiff is entitled to complete testimony from a witness designated by Defendant to speak on these specific topics. The Rule 30(b)(6) deposition may be reconvened for one hour.

Topic 14 sought information on the testing of the ClimaCab product from the first prototype through the current version. Defendant produced Mr. Dobbs, who was not fully prepared to testify on this topic. Unfortunately, the parties were unable to communicate or agree as to the scope of this topic prior to Defendant producing a second witness, Mr. Petersen, who was also unable to testify as to a specific test. At the same time, Defendant's counsel has submitted an affidavit stating that Defendant turned over all ClimaCab testing documents to Plaintiff, and it is not disputed that Defendant contacted Plaintiff in advance of the second deposition to inquire as to which tests or discovery documents would be discussed. Plaintiff could have addressed many of its present concerns simply by communicating with Defendant in

advance of the deposition. Nevertheless, the bottom line is that Defendant agreed to produce two different witnesses for this topic, yet Plaintiff has been unable to fully depose a prepared witness. The court orders that the parties reconvene a Rule 30(b)(6) deposition as to this topic, and further orders that Plaintiff provide Defendant any exhibits or documents that it intends to show the deponent no later than 48 hours, or two working days, prior to the commencement of the deposition. Plaintiff is granted an additional two hours for the deposition.

## V. Defendant's Motion for a Protective Order

Defendant's motion for a protective order is denied. The court finds that a protective order is unnecessary where the parties are ordered to reconvene portions of the Rule 30(b)(6) depositions and Plaintiff is instructed to provide documents or exhibits it intends to use no later than two working days in advance.

## VI. Summary

In summary, Plaintiff's motion to compel production of the timeline document is denied. Plaintiff's motion to compel production of the testing videos is denied. Plaintiff's motions to compel Defendant to produce prepared Rule 30(b)(6) witnesses are granted, in part, as to topics 10-12, 14, 23, 35-37, and 42. Plaintiff's motions are denied as to topics 3, 5, 8, 32, 34, and 43. Where the court has ordered that Plaintiff is entitled to further testimony, or where the court's order results in further testimony as a result of Defendant's inability to certify that it has provided the full answers to Plaintiff's questions, the reconvened depositions are to be taken at reasonable times and reasonable places. As to Plaintiff's motion for sanctions, any reasonable costs that Plaintiff can demonstrate were incurred during the continued depositions will be levied against Defendant. Plaintiff is required to provide a list of documents, with bates numbers, that it intends to show and question the designated witness on no later than 48 hours, or two working

days, prior to the commencement of the deposition.


ENTER:

_____
**P. Michael Mahoney, Magistrate Judge**
**United States District Court**

**DATE: August 31, 2010**